UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Board of Trustees for the School District of Kershaw County, )<br>by its duly authorized designee, Timothy L. Hopkins, )<br>Plaintiff, )<br> )<br>v.<br> <br>Noble Bilal Faheem Salahuddin Bey, )<br>Custodial Parent / Fiduciary of Minors J.D. and J.S., )<br>Defendant. )<br> )<br> ) | 3:25-cv-13405-JDA-SVH<br>) Civil Action No.:<br>(To be assigned upon filing) |

Affidavit of Fact

Support of Federal Removal / Opposition to State Truancy Petition

In re: Petition Nos. 2025-JU-28-091

**Opening**

I, Noble Bilal Faheem Salahuddin Bey, Custodial Parent and Fiduciary of Minors J.D. and J.S., submit this affidavit in support of removal to the United States District Court and in opposition to any state truancy enforcement proceeding.

## I. Lawful Withdrawal and Substantial Compliance

On July 31, 2025, I sent the Conditional Acceptance of Transfer letter (Exhibit Alpha) to the Kershaw County School District, formally notifying the district that my children were withdrawn from Stover Middle School effective immediately and that I would continue homeschooling my children for the 2025–2026 academic year, while reserving the option to consider enrolling them at Lugoff-Elgin Middle School in Spring 2026.

This demonstrates substantial compliance with South Carolina attendance law and formal notice to the district.

## II. Conditional Acceptance of Transfer and Reservation of Rights

The Conditional Acceptance letter outlined:

Restitution for emotional and psychological harm

Correction of disciplinary records

Provision of liability insurance information

Reservation of all civil, educational, and constitutional rights

Despite these conditions, the district processed only the transfer and ignored the conditional acceptance and reserved rights, later attempting to enforce truancy notices against lawfully withdrawn students.

## III. School's Procedural Preference is Not Constitutionally Required

The district requested procedural steps (e.g., naming a homeschool association).

Compliance with these preferences is not required by law for lawful homeschooling, and refusal to follow them cannot justify enforcement of truancy

## IV. Violation of Parental Rights and Fifth Amendment Due Process

By attempting to enforce truancy despite lawful withdrawal, the district deprived my children and me of liberty without due process, in violation of the Fifth Amendment.

The selective recognition of the transfer while ignoring conditional terms demonstrates arbitrary enforcement under color of state law.

## V. Violation of Ninth Amendment Rights

The district's actions infringed upon unenumerated fundamental rights, including the right of parents to direct the upbringing and education of their children, as protected by the Ninth Amendment.

Attempts to coerce procedural compliance or enforce truancy violate these unenumerated rights.

## VI. Documented Harm to My Daughter and Family

My daughter, J.D., was subjected to multiple incidents of bullying, cyberthreats, and physical assault during the 2024–2025 school year.

She was mischaracterized as a participant in a "fight" instead of being recognized as defending herself, exacerbating emotional, psychological, and academic harm.

Harms include:

Anxiety, depression, and emotional distress

Decline in academic performance

Loss of trust in institutional protection.

These harms directly relate to violations of her Fifth and Ninth Amendment rights, as she was deprived of safety, fair treatment, and a safe educational environment.

The family was compelled to withdraw and homeschool for the 2025–2026 school year as a direct consequence of the district's failures.

### VII. 42 U.S.C. §1983 – Civil Rights Enforcement

The school district is a state actor.

Its enforcement of truancy against lawfully withdrawn students and disregard of conditional acceptance constitutes a deprivation of constitutional rights under color of state law.

Remedies sought under 42 U.S.C. §1983 include:

Dismissal of state truancy petitions

Injunctive relief against enforcement actions

Restitution for emotional, psychological, and educational harm

Correction of disciplinary records

### VIII. Contractual Compliance and Withdrawal Procedures

There is no binding contract requiring specific forms or procedures for lawful withdrawal.

Notification via Exhibit Alpha constitutes good-faith compliance, fulfilling legal obligations.

Any insistence on additional procedures cannot justify enforcement or penalties.

## IX. Request for Relief

Dismissal of state truancy petitions (Petition Nos. 2025-JU-28-090 & 2025-JU-28-091)

Injunctive relief preventing enforcement of procedural preferences

Restitution for documented harms, including:

Emotional and psychological trauma

Mental health therapy costs

Educational disruption and homeschooling costs

Correction of disciplinary records

Provision of liability insurance information

Preservation of all rights under Fifth and Ninth Amendments and 42 U.S.C. §1983

---

I declare under penalty of perjury that the foregoing is true and correct.

Signed: *Noble Bilal Faheem Salahuddin Bey* (signature)

**Noble Bilal Faheem Salahuddin Bey**

**Custodial Parent / Fiduciary of Minors J.D. and J.S.**

**UCC 1-308**

**ALL RIGHTS RESERVED WITHOUT PREJUDICE**

**Date: November 14, 2025**

5