IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Board of Trustees for the School )    Case No. 3:25-cv-13405-JDA
District of Kershaw County *by its duly* )
*authorized designee, Timothy L.* )
*Hopkins*, )
)
           Plaintiff, )    **OPINON AND ORDER**
)
         v. )
)
Noble Bilal Faheem Salahuddin Bey, )
*Custodial Parent/Fiduciary of Minors* )
*J.D. and as J.S.*, )
)
          Defendant. )
_____ )

     This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 8.] On November 14, 2025, Defendant filed a document in this Court titled "Affidavit of Fact, Support of Federal Removal / Opposition to State Truancy Petition, In re: Petition Nos. 2025-JU-28-091." [Doc. 1.] It lists as Plaintiff "Board of Trustees for the School District of Kershaw County, by its duly authorized designee, Timothy L. Hopkins." [*Id.*]

     In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On November 20, 2025, the Magistrate Judge issued a Report recommending that the action be remanded to Kershaw County Family Court for lack of subject matter jurisdiction. [Doc. 8; *see* Doc. 2 at 2.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the

serious consequences if they failed to do so.  [Doc. 8 at 4.]  On November 24, 2025, Defendant filed objections to the Report.  [Doc. 11.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

The Report concludes that "Defendant's attempt to remove a state court action to this court is improper because it could not have been originally filed in this court" and, "[a]lthough it appears Defendant is alleging constitutional violations as counterclaims or defenses, a defense or counterclaim fails to provide a viable jurisdictional basis for the removal of a state court action."  [Doc. 8 at 1–2.]

In his objections, Defendant argues that the Magistrate Judge erred in concluding that this Court lacks jurisdiction over the case because *his* filings invoke federal and constitutional questions.  [Doc. 11 at 2.]  However, Defendant does not engage the

2

Magistrate Judge's reasoning, and the Court agrees with the Magistrate Judge, for the reasons explained in the Report, that federal jurisdiction is lacking and that remand to the state court is appropriate.

## **CONCLUSION**

For the foregoing reasons, the Court accepts the Report and Recommendation of the Magistrate Judge [Doc. 8] and incorporates it by reference.  Accordingly, Plaintiff's action is REMANDED to Kershaw County Family Court.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

December 2, 2025
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.